The PRESIDENT,
(after stating the case, and observing that the clerk had certified, that the infant child of John Bannister the son had been made a defendant, tho’ no process was prayed against him,) delivered the opinion of the court.
There is no evidence in the cause, that the appellee was ever entitled to 'any thing, except the paper referred to in the bill, addressed by Mr. Bannister to his daughter. This was received by the ap-pellee, and retained by him, without any evidence of his dissent from the terms of it. Independant of this tacit acquiescence, it is in proof, that Mr. Bannister and the appellee, went to view the land, spoken of *467 •in that letter, and that the former, in the presence of the latter, informed the witness, that they had been to examine it, for the purpose of -fixing upon a proper situation for a house.
The executor in his answer, states, that he was sent by Bannister, to inform the appellee of his intention to give his daughter land, with which the appellee appeared well satisfied.
But independant of this — there is no proof at all, where on the claim of the ap-pellee can be founded. Mr. Bannister’s public declarations are relied upon. These are denied by the “'executors— But whether this denial be evidence or not, is of little consequence, because that which is relied upon, to sustain the claim, falls very short of its object. What is it? — a private, confidential, domestic -conversation, between a husband and his wife, wherein the former, speaks of an intention once formed, and then for influential reasons altered. And because it was once formed, it is supposed to be irrevocable.
The claim if at all founded, is merely a legal one; and if a suit at law should be brought for the land, it may then be discussed with propriety, whether any act of the appellee, amounted to such a seisin, as to secure his right to be tenant by the cur-tesy.
It was objected, that the conveyance of the land to John Bannister the son, put it out of the power of the father, to perform his engagement respecting it. But the fact is, that by the death of Mrs. Shore, and of her child, in 1784, the land descended to John Bannister, the brother, as her heir at law, to whom it was afterwards conveyed by the father. — But this deed does not appear in the record.
The decree therefore must be reversed, and the bill dismissed.